IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Case No: 06-00267-01 |
| ) | |
| SHANG HSIUNG,    ) | The Hon. Ricardo M. Urbina |
| ) | |
| Defendant.    ) | Sentencing: March 13, 2007 |
| ) | |

DEFENDANT'S MOTION WITH REGARD
TO 18 U.S.C. § 3553(a) SENTENCING FACTORS and
MEMORANDUM IN AID OF SENTENCING

The defendant, SHANG HSIUNG, through undersigned counsel, respectfully submits to the Court his position regarding the sentencing factors espoused in 18 U.S.C. § 3553(a). The Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005) and its progeny require district courts to consider all the factors contained in § 3553(a) when calculating a criminal defendant's ultimate sentence. This motion presents Mr. Hsiung's position with regard to those factors contained in § 3553(a). In short, in light of Mr. Hsiung's lack of criminal history, his long history of work to support his family, his community involvement, his early plea of guilt, his remorse, and the fact that he has not only lost his job but his pension, we respectfully request the Court to sentence him to the lowest sentence sufficient to meet the goals of §3553 (a). See United States v. Ferguson, 456 F.3rd 660, 665 (6th Cir. 2006).

INTRODUCTION

Shang Hsiung stands before the Court for sentencing, having entered a plea of guilty to one count of wire fraud, in violation of 18 U.S.C. §1343. He brings with him an immeasurable amount of regret, remorse, sorrow, humiliation and despair for his conduct in this case. To those

1

who know Mr. Hsiung, it is inconceivable that he would stand accused of a crime of this nature. Indeed, when the Court considers his upbringing, impressive background and actions in this case, it is quite clear that Mr. Hsiung is far from the typical criminal defendant.

We respectfully submit that Mr. Hsiung's conduct in this case is inconsistent and inapposite to the type of person that he truly is. Nevertheless, Mr. Hsiung's actions in this case were wrong and unjustifiable. In pleading guilty, Mr. Hsiung has taken full responsibility for his actions and offers his sincere apology to the Court, his family, friends, and the community.

## **PERSONAL BACKGROUND OF MR. HSIUNG**

### I.     MR. HSIUNG'S UBRINGING

Shang Hsiung was born on August 8, 1952, in Hong Kong. He was one of six children born to his parents. His parents earned modest livings in Hong Kong. His father moved to the United States where he obtained employment and later sent for the remainder of the family, who moved first to Mobile, Alabama where they lived from 1958 to 1960. Mr. Hsiung's parents encouraged him to do well in school and be respectful of others. His parents provided him with a stable home, proper guidance, direction, and core values.

Mr. Hsiung's mother died at age 83. His father has had a stroke and requires the assistance of a caregiver. Mr. Hsiung, being forced to resign his job with the government, is now in a position to provide daily assistance to his father.

Mr. Hsiung's family, including his five siblings, was shocked to learn that he had been arrested in this case. This matter has had a particularly devastating effect on those closest to him.

## II. MR. HSIUNG'S EDUCATIONAL BACKGROUND AND WORK HISTORY

Mr. Hsiung graduated high school in Raleigh, North Carolina in 1970 and then earned a Bachelor of Science in Civil Engineering from North Carolina State University in 1994. In 1996 he received a Masters of Science degree in Transportation from Northwestern University. When not in school, Mr. Hsiung has held steady employment all of his adult life. He took a job in 1979 where he worked for 27 years as a transportation management specialist for the Federal Transit Administration in Washington, DC. He would have continued to work at this job, where his annual salary was $118,000, had he not been forced, as a part of the plea agreement in this case, to resign.

## III. MR. HSIUNG'S FAMILY LIFE

Mr. Hsiung married his wife, Wanda, in September, 1980. They have one daughter, Amanda, who is 20 years of age. She is a student at Vassar College in New York.

As the Court can see from the multitude of letters attached hereto, Mr. Hsiung is a family man who, regardless of the charges in this case, has been devoted to his wife and child and who has, in almost every spare minute of his time, volunteered his talents assisting others in various ways but especially in coaching volleyball.

As the Court is aware, the consequences of this offense have had, and will continue to have, broad sweeping effects on his life, on his wife and child as well as his ability to earn a living to support those who count on him.

## ARGUMENT

In determining Mr. Hsiung's sentence, this court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant" as well as the need for the sentence imposed to (1) "reflect the seriousness of the offense, to promote respect

for the law, and to provide just punishment for the offense," (2) "afford adequate deterrence to criminal conduct" and (3) "to protect the public from further crimes of the defendant." *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(a)(2)(C). In support of his argument with regard to the relevant considerations, Mr. Hsiung offers the following:

I.  **NATURE AND CIRCUMSTANCES OF THE OFFENSE**

The pre-sentence report prepared by Linsey Epson as well as the Information filed by the government describes the criminal activity of Mr. Hsiung. On its face, it would appear that Mr. Hsiung engaged in a much more elaborate scheme that was really present. The detail used by Mr. Hsiung to convince call girls to come to his room and accept a check as payment for their services takes up more of the detail than anything else. The short and sweet version of events is very simple. Mr. Hsiung, in an effort to fuel a newly developed sickness which manifested itself in a desire for call girls, devised a scheme to print bogus checks on his computer to pay for their services. Nothing more - nothing less.

As wrong and as illegal as Mr. Hsiung's actions were, it would appear from his job performance ratings, those who knew him, and those who traveled with him, that his actions did not detract from the stellar work performance he exhibited.

In considering the "nature and circumstances of the offense" under §3553 (a)(1), we urge the Court to recognize the offense for what it truly was. It was wrong. It was illegal. But it was the result of a man writing bad checks on a computer to pay for escort services to which he had somehow become addicted.

II. **HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

Mr. Hsiung is 54 years old. He was born in Hong Kong but moved to the United States when he was very young. He married 26 years ago and has a 20 year old daughter who is in college.

Even given the nature and circumstances of the offense, his wife stands beside him. All those who know him, regardless of how repulsed they may be by the actions which bring him before the Court, still stand beside him.

There is no question that Mr. Hsiung's conduct in this case is brought on by some illness. Mr. Hsiung currently is being treated for this problem. Aside from the issue before the Court, Mr. Hsiung has been a law abiding citizen who has been devastated by these charges.

### III. THE NEED TO REFLECT THE SERIOUSNESS OF THE OFFENSE, PROMOTE RESPECT FOR THE LAW, AND TO PROVIDE JUST PUNISHMENT FOR THE OFFENSE

Again, we submit that Mr. Hsiung's long history of employment, devotion to family, lack of criminal history, along with the fact that he admitted his guilt early on, has had to resign from his job, lose his pension, suffer the consequences of being a convicted felon, are all sufficient punishment to reflect the seriousness of his involvement in this offense and to promote respect for the law. We respectfully submit a lengthy period of incarceration is not necessary to satisfy any of the objectives of § 3553.

### IV. THE NEED TO AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT

We submit the same factors listed above to promote respect of the law and to provide just punishment also afford adequate deterrence to criminal conduct. Clearly, Mr. Hsiung has been deterred. The shame and humiliation he feels, even if there were no other consequences, would serve to deter him. A felony conviction, loss of pension and overall public humiliation are enough, given the facts of this case, to deter criminal conduct by others.

### V. THE NEED TO PROTECT THE PUBLIC FROM FURTHER CRIMES BY MR. HSIUNG

There can be no real dispute that there is no need for a lengthy period of incarceration in this case to protect the public from further crimes by Mr. Hsiung. Mr. Hsiung's arrest and his involvement in the criminal justice system, along with the loss of job, felony conviction and attendant consequences, is more than sufficient to ensure that Mr. Hsiung will never again make a bad decision with respect to any illegal conduct. This has been a hard learned lesson for Mr. Hsiung. The public needs no protection from him. Since his arrest, he has cooperated with the government in every aspect, and been truthful with government agents and the probation office.

### CONCLUSION

The advisory sentencing guideline range in this case, based on a criminal history I, with an offense level of 11, is a zone C advisory range of from 8 to 14 months. If the guidelines were mandatory the Court would be obliged to sentence Mr. Hsiung to at least 4 months of imprisonment and 4 months of home detention. The parties agreed, as a part of the plea agreement, that neither party would seek a departure from the advisory guideline range. The government insisted that we accept this agreement and we did. Accordingly, we will not ask the Court to go outside the advisory guideline range. The Court must decide, on its own, what is the most appropriate sentence for this offender and this offense given the dictates of 18 USC § 3553 (a). We leave it in the Court's hands to "impose a sentence sufficient, but not greater than necessary" to comply with the purposes outlined above. While we cannot argue sentence outside the guideline range, we can advise the Court of the regret, remorse, sorrow, humiliation and despair Mr. Hsiung feels for his conduct in this case and we can remind the Court of this otherwise law abiding life and devotion to family.

Respectfully submitted,

SHANG HSIUNG
By Counsel

Dated: February 2, 2007

_____/s/_____
G. Allen Dale (#954537)
601 Pennsylvania Avenue, N.W.
North Building, Suite 900
Washington, D.C. 200004
(Ph) 202-638-2900
(Fax) 202-783-1654
gallendale@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February 2007, a true copy of the foregoing "Defendant's Motion With Regard to 18 U.S.C. § 3553(a) Sentencing Factors" was sent by electronic mail to:

>Jonathan R. Barr, Esq.
>Assistant U.S. Attorney

And by hand delivery to:

>Linsey Epson
>United States Probation Officer

_____/s/_____<br>G. Allen Dale