UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 06-00267-01 (RMU) |
| SHANG HSIUNG, | : | |
| Defendant. | : | |

FILED
FEB 1 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this memorandum in aid of sentencing. For the reasons set forth herein, the United States respectfully recommends that the Court sentence the defendant to a Zone C split sentence at the low end of the Guidelines Range calculated in the PSR, and that the Court impose a fine at the high end of the Guidelines Range calculated in the PSR.

**I.   BACKGROUND**

On October 26, 2006, defendant Shang Hsiung pled guilty to a one-count felony information which charged the defendant with wire fraud in connection with his scheme to use counterfeit checks and stolen credit card numbers to pay escorts to provide sexual services to him while he was on official government travel. During his plea colloquy, in his signed Statement of Offense, and in the statement he submitted to the Pre-Sentence Report writer, the defendant provided a detailed description of his criminal conduct which will not be repeated again here.

**II.   SENTENCING CALCULATION**

   A   Statutory Maximum

The defendant pleaded guilty to one count of wire fraud, in violation of Title 18, United States Code, Section 1343. The maximum sentence for wire fraud is twenty years imprisonment,

a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, and a three-year term of supervised release.

B.  Sentencing Guideline Calculation

Both parties agreed to the Guidelines calculations utilized in the Pre-Sentence Report ("PSR"), which correctly calculates the defendant's total offense level at 11. See PSR ¶ 30. This includes the base offense level of seven pursuant to U.S.S.G. § 2B1.1(a)(1), and a six-level enhancement for "loss" of more than $30,000 pursuant to U.S.S.G. § 2B1.1(b)(1)(D). See PSR ¶¶ 22-23. In the plea agreement, however, the government agreed not to oppose a two point reduction for acceptance of responsibility, which yields a total offense level of 11. The PSR also has calculated correctly the defendant's criminal history as Category I. See PSR ¶¶ 31-33. Therefore, the guideline range for defendant Hsiung is correctly calculated in the PSR as 8 - 14 months. See PSR ¶ 55. Since the Guideline Range is in Zone C of the sentencing table, the minimum term of imprisonment may be satisfied by a term of supervised release with a condition that substitutes community confinement or home detention, provided that at least one-half of the minimum term is satisfied by imprisonment. See, U.S.S.G. § 5C1.1(d); and PSR ¶ 56. Because the defendant's total offense level is 11, the Guideline Range for a fine is $2,000 to $20,000. See, PSR ¶ 69, and U.S.S.G. § 5E1.2(c)(3)..

The PSR writer did not find any factors indicating that a downward departure is warranted. See PSR ¶ 91. For the reasons set forth, infra § III of this Memorandum, the government respectfully recommends that the Court sentence the defendant to a Zone C split sentence at the low end of the Guidelines Range calculated in the PSR, and that the Court impose a fine at the high end of the Guidelines Range calculated in the PSR.

3

### III. DEFENDANT SHOULD BE SENTENCED TO A ZONE C SPLIT SENTENCE AT THE LOW END OF THE GUIDELINES RANGE AND A FINE SHOULD BE IMPOSED.

Under 18 U.S.C. § 3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in section 3553(a)(2). The Sentencing Guidelines, consisting of offense characteristics and various grounds for departure, address the considerations relevant to sentencing, as articulated in Section § 3553(a), such as: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to provide the defendant with needed medical care or other correctional treatment in the most effective manner; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (5) the Guidelines Range; and (6) the need to provide restitution to victims of the offense. As demonstrated below, in this case these factors justify imposition of a Zone C split sentence at the low end of the Guidelines Range calculated in the PSR, and the imposition of a fine at the high end of the $2,000 to $20,000 Guidelines Range for a fine calculated in the PSR.

In this case, defendant's criminal conduct was serious, repeated, and exposed several people to potential adverse consequences from his criminal conduct. In executing his scheme, the defendant, an employee of the Department of Transportation, misused government telephones, government computers, and government credit card numbers. In addition, Mr. Hsiung impersonated a Senior Vice President of a company listed on the New York Stock exchange ("NYSE Company"), which contracted with the Department of Transportation.[1] Mr.

---

[1] Mr. Hsiung indicated in his statement to Probation that his decision to use the name of the NYSE Company on the counterfeit checks was not influenced by information he gained in his employment. PSR at ¶ 19. Mr. Hsiung apparently contends that he chose the NYSE company at random. Obviously, only Mr. Hsiung is aware of the reasons he chose to use the name of the

Hsiung's impersonation of the Senior Vice President, and his use of counterfeit checks purportedly drawn on the NYSE Company's account and signed by the Senior Vice President, subjected both the Senior Vice President and the NYSE Company to the risk and potential embarrassment of being associated with the illegal conduct of arranging for prostitution services. Mr. Hsiung's conduct similarly subjected the NYSE Company and Senior Vice President to potential claims by the escorts who sought payment for their services. Mr. Hsiung's use of the government credit card numbers of two colleagues also exposed these colleagues to the risk of adverse effects from these improper charges being made on their government credit cards, and to the risk of being required by the credit card company to pay the charges.[2]

Although defendant's offense is serious and requires a just punishment which promotes respect for the law, the United States at the same time recognizes certain important aspects of the defendant's history and characteristics in fashioning its sentencing recommendation. It is significant that defendant Hsiung accepted full responsibility for his criminal conduct at an extremely early stage of the criminal investigation. Mr. Hsiung cooperated with the government's investigation, and confessed to the crime when he was initially approached by investigators. Mr. Hsiung does not have any prior criminal history. In addition, in accepting the plea agreement, Mr. Hsiung agreed to, and did resign his position at the Department of Transportation, rather than requiring the Department of Transportation to terminate his employment and, thereafter expend valuable government resources litigating the termination

---

NYSE company and its Senior Vice President to further his fraudulent scheme.

[2] It is the understanding of the United States, that Mr. Hsiung's two colleagues disputed the charges for the escorts Mr. Hsiung hired. Ultimately, the credit card company did not pay the escorts for the charges Mr. Hsiung made utilizing his colleague's credit cards.

5

decision. Numerous letters provided by counsel for defendant speak to the non-criminal aspects of Mr. Hsiung's life. Finally, there is little doubt that Mr. Hsiung and, unfortunately his family, have paid a heavy personnel cost as a result of his criminal conduct.

Accordingly, the United States respectfully recommends that the defendant be sentenced to a Zone C split sentence at the low end of the Guidelines Range calculated in the PSR with a three-year term of supervised release. The United States also respectfully recommends that the Court impose a fine at the high end of the $2,000 to $20,000 Guidelines Range for a fine calculated in the PSR. Although the financial information contained in the PSR reveals that Mr. Hsiung is currently unemployed, Mr. Hsiung has a Bachelor of Science degree in Civil Engineering and a Masters' of Science Degree in Transportation. See, PSR ¶¶ 45-46, and 53. In addition, Mr. Hsiung has substantial experience in his field. See, 49. It is highly likely that after Mr. Hsiung serves any sentence of incarceration imposed, Mr. Hsiung will find gainful employment. Moreover, the financial information in the PSR reveals that Mr. Hsiung currently has assets in excess of $480,000 (some of which are jointly held with his wife). See, PSR ¶¶ 49-52. Given the seriousness of Mr. Hsiung's criminal conduct, the fact that restitution is not being sought, and Mr. Hsiung's financial ability to pay a fine, a fine at the high end of the Guidelines Range is particularly appropriate in this case.

## IV. **RESTITUTION**

Although Mr. Hsiung's criminal conduct subjected the NYSE Company and certain of Mr. Hsiung's colleagues to the risk of monetary losses, ultimately the NYSE Company and Mr. Hsiung's colleagues refused to pay the bills for the services of the escorts. Accordingly, the United States is not seeking an order of restitution in this case.

>Respectfully submitted,
>
>JEFFREY A. TAYLOR
>UNITED STATES ATTORNEY
>
>
>_____
>JONATHAN R. BARR
>Assistant United States Attorney
>D.C. Bar # 437334
>Fraud & Public Corruption Section
>555 4th Street, N.W.
>Washington, D.C. 20530
>(202) 514-9620