HONORABLE RICARDO M. URBINA, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
MAR 1 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA  : Docket No.: <u>06-CR-267</u>
vs.  : SSN:
HSIUNG, Shang  : Disclosure Date: <u>December 13, 2006</u>

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

### For the Government

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____                    _____
**Prosecuting Attorney**                                   **Date**

### For the Defendant

(CHECK APPROPRIATE BOX)
(X) There are no material/factual inaccuracies therein, *but see attached letter.*
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_[signature]_ 12/21/06                   _[signature]_ 12-19-06
**Defendant**    **Date**                  **Defense Counsel**    **Date**

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>December 27, 2006</u>, to U.S. Probation Officer <u>Linsey Epson</u>, telephone number <u>(202) 565-1376</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By: Gennine A. Hagar, Acting Chief
    United States Probation Officer

LAW OFFICES OF

# G. Allen Dale
A PROFESSIONAL CORPORATION

G. Allen Dale
Direct Dial Number
(202) 783-1629

601 Pennsylvania Avenue, NW
Suite 900, North Building
Washington, D.C. 20004

December 19, 2006

Linsey Epson
U.S. Probation Officer
U. S. Courthouse
333 Constitution Ave., NW
Washington, DC 20001

Re: <u>United States</u> v. <u>Shang Hsiung</u>, CR 06-00267-01

Dear Ms. Epson:

Mr. Hsiung and I have reviewed the presentence report and guideline computations you prepared for the Honorable Ricardo M. Urbina in the above captioned case. On the whole we find your report to be not only accurate but fair. As you can see from the attached receipt and acknowledgement form there are no material factual inaccuracies in your report. There are, however, several minor corrections we would like to address.

First, on page 10 under financial condition, we note that you list one checking account for the volleyball association but do not separate what you list as a joint checking account with a value in excess of $45,000.00, as being both volleyball association related as well as personal to Mr. Hsiung. Approximately $30,000.00 should be listed to the volleyball association.

On page 11 at paragraph 51, the first sentence should show that Mr. Hsiung is unemployed.

On page 8 at paragraph 33, fourth line it should be "Hsiung's".

On page 9 at paragraph 39, in the third line it should be "Hsiung".

From page 3 to page 5 in paragraphs 6 – 14, you accurately outline the evidence regarding the offense conduct as it was presented to you by the government. We would simply like for you to footnote at some point that 99% of this scheme involved the use of fraudulently created counterfeit checks and that very little of the stolen money came from stolen credit card numbers secretly prolonged from colleagues at the Department of Transportation.

      On page 11 under necessary living expenses you have made no mention of health insurance. We understand that you would not have because Mr. Hsiung had health insurance while he was employed and it carried over for sixty days. However, if Mr. Hsiung cannot obtain employment or if he is incarcerated and unable to be employed he will have to purchase private health insurance, which he tells me will cost somewhere in excess of $1,000.00, which will result in a net monthly cash flow of over $6,000.00, in the red.

      I am attaching, at Mr. Hsiung's request, numerous letters written on his behalf by friends and colleagues. We will attach these to a sentencing memorandum to the judge at a later date but I thought you might have an interest in seeing them. I am sure many more letters will follow but these should give you a flavor for the type of person Mr. Hsiung is.

      I want to thank you for the time and effort you have given to this report. As I said before we find it to be extremely accurate.

                                                     Sincerely,

                                                   G. Allen Dale

Encl.

Cc: AUSA Jonathan R. Barr